IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

    Plaintiff,                         No. CIV S-03-0466 FCD JFM P

    vs.

CHERYL K. PLILER, et al.,

    Defendants.                       <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Hamad violated his constitutional rights by retaliating against him for filing an inmate grievance and by issuing a false disciplinary report. This matter is before the court on plaintiff's motion to compel further responses to his first and second requests for production of documents and his first set of interrogatories.

        Plaintiff seeks to compel further responses to requests 1-8, 10, and 12-29 of his first request for production of documents, requests 1 through 3 of his second request for production of documents, and interrogatories 4 through 10 of his first set of interrogatories.

I. <u>First Request for Production of Documents</u>

        By request number 1, plaintiff seeks "copies of all names and titles of all supervisors . . . who supervised or sat in the California State Prison, New Folsom "B" Facility

1

1  Law Library giving the supervision over plaintiff . . . from . . . September 10, 1992 through June
2  4, 2001." (Motion to Compel, filed August 30, 2005, at 7.) Defendant objected to the request on
3  the grounds, that "it is not a request for production of documents" and is "compound, overbroad,
4  and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Ex.
5  H to Motion to Compel, at 2.)

6        Plaintiff contends that the information sought is relevant to defendant Hamad's
7  assertion that plaintiff had been repeatedly warned by library staff over a seven year period that
8  he could not give legal advice to other inmates while at work in the law library. While plaintiff
9  is entitled to discovery of potential defense evidence, the request as propounded by plaintiff is
10 both overbroad and not a proper request for production of documents. Those two objections by
11 defendant were properly interposed and no further response to this request will be required.

12       By request number 2, plaintiff seeks "copies of any and all documents on file at
13 California State Prison New Folsom "B" and "C" facility law Library as to plaintiff . . . but not
14 limited to training, job performance, grads [sic] work reports, skill level, time cards, P.L.U.
15 request [sic] and court orders." (Ex. H at 2.) Defendant objected to this request on the grounds
16 that "it is overly broad in that plaintiff has not designated a time frame for the request, and vague
17 and ambiguous what plaintiff means by 'documents on file' and 'as to plaintiff." (Id.) Defendant
18 also objected to the extent that plaintiff seeks documents equally available to him in his central
19 file. (Id.) Defendant's objections are well-taken. No further response to this request will be
20 required.

21       By request number 3, plaintiff seeks

22 > all Inmate/Parolee Appeals Log Book records, removed from the
> locked wooden 602 Appeal Box next to the B-Facility Canteen, for
23 > the purpose of logging inmate appeal grievances within the
> California State Prison, New Folsom "B" Facility PIA work center,
24 > but not limited to process appeal notice, overdue notice and names
> of processing prison staff employees from November 8, 2002 to
25 > June 4, 2001, [sic] concerning plaintiff. . . .

26 (Ex. H at 2.) Defendant objected to this request as "compound, convoluted, incomprehensible,

and . . . vague and ambiguous what information is sought." (Id.) Defendant also objected that plaintiff should have copies of his own inmates appeals, and that the time frame set forth is not relevant to the claim raised in this action. All three objections are well-taken.[1] No further response to this request will be required.

By request number 4, plaintiff seeks "all documents, files and records" of defendant Hamad's employment start date. Defendant objects to this request as vague and ambiguous, overly broad, seeks confidential information, and not relevant to issues raised in this litigation. The date defendant Hamad became employed is not relevant to the claim raised in this action. No further response to this request will be required.

By request number 5, plaintiff seeks all grievances filed against defendant Hamad and Senior Librarian McCargar. Defendant interposed multiple objections to this request, including overbreadth and lack of relevance. The objections are well-taken. No further response to this request will be required.

By request number 6, plaintiff seeks all records of employees who brought any of the information contained in the January 3, 2001 disciplinary report issued by defendant Hamad to said defendant's attention prior to November 8, 2000. Defendant objected to this request as "compound, convoluted, and unintelligible." Notwithstanding that objection, defendant produced documents to plaintiff in response to the request. (See Attachment A to Ex. H.) Plaintiff again contends that he is seeking the identity of prison staff who allegedly cautioned him "many times" that he should not provide legal advice to inmates while at work. Plaintiff's request is not in the proper form to seek such information. Defendant will not be required to respond further to this request.

/////

---

[1] The events giving rise to the claim raised in plaintiff second amended complaint took place between October 26, 2000 and January 3, 2001. (See Second Amended Complaint, filed August 20, 2004.)

3

By request number 7, plaintiff seeks a list of all witnesses defendant intended to call at trial. Defendant objected that the request appeared to be an interrogatory rather than a request for production of documents, and responded that defendant had not yet decided which, if any, witnesses would be called at trial. Defendant's response to this request is adequate and no further response will be required.

By request number 8, plaintiff seeks the names of all employees that defendant Hamad told, on or after November 8, 2000, to write a rules violation report against plaintiff to have him removed or fired from his prison job. Defendant, inter alia, objected to the request as "compound, vague and ambiguous . . . incomprehensible and unintelligible. . . accusatory and assumes facts not admitted." (Ex. H at 5.)[2] Defendant's objection is well-taken. No further response will be required.

By request number 10, plaintiff seeks the January 25, 2001 visiting room log book showing an attorney visit with plaintiff. Defendant objects to the request as vague and as irrelevant to the issues raised in the litigation. The objection is well-taken. No further response will be required.

By request number 12, plaintiff seeks records of employees who told defendant Hamad on May 31, 2001 that plaintiff was back working as an inmate library clerk. By request number 13, plaintiff seeks records of all employees contacted by defendant Hamad on May 31, 2001 after learning that plaintiff was back at work. Defendant interposed several objections to these requests and, as to request number 12, affirmatively alleged that no responsive documents exist. In their opposition to plaintiff's motion, defendant stated an intention to amend the response to request number 13 to indicate that there are no documents response to that request.

---

[2] Defendant also affirmatively alleged that there were no documents responsive to the request because defendant did not order anyone to "fabricate" a rules violation report against plaintiff. The request, however, seeks the identity of employees who were directed to "write" a report, not to "fabricate" one.

4

Defendant's response to requests 12 and 13 is adequate, and no further response to either request will be required.

By requests 14 through 19, plaintiff seeks documents related to CDC Form 114-D placement notices dated June 4, 2001 and/or June 28, 2001. Defendants objected to these requests on, inter alia, grounds of relevance. The objection is well-taken. No further response will be required.

By requests 21 and 22, plaintiff seeks "CDC Form 199 Legal Mail Card Printout" and "trust withdraw outgoing legal mail documents" for the period November 8, 2000 through December 31, 2002. Defendants object, inter alia, to the overly broad time frames and, with respect to request number 22, to the vague nature of the request. Defendant's objections are well-taken. No further response to either request will be required.

By requests 23 through 29, plaintiff seeks copies of various prison policies regarding the provision of legal assistance to inmates by other inmates, right of access to the courts, inmate law library clerk job descriptions, inmate grievances and appeals, and reporting rules violations. In response to each, defendant provided plaintiff either with the requested guidelines, if available, or with a representation that no responsive document exists, or with citations to applicable sections of Title 15 of the California Code of Regulations. No further response to any of these requests will be required.

For all of the foregoing reasons, plaintiff's motion to compel further responses to requests contained in his first request for production of documents will be denied.

II. Second Request for Production of Documents

Plaintiff also seeks to compel further responses to requests 1, 2 and 3 in his second request for production of documents. A copy of these requests and defendant's response these requests is appended as Exhibit I to plaintiff's motion. With respect to the first and second requests, defendant provided plaintiff with citation to sections of Title 15 of the California Code of Regulations responsive to each request. The third request seeks information not relevant to

the issues at bar. No further responses to any of these requests will be required. Plaintiff's motion to compel further responses to requests contained in his second request for production of documents will be denied.

III. Interrogatories

Only one item in plaintiff's motion to compel further interrogatory responses requires extended discussion. In interrogatory number 5, plaintiff asks the defendant to "describe in as much detail as possible the complete circumstances surrounding your reporting the Rules Violation Report Log No. B-01-01-015 against plaintiff on January 3, 2001." (Ex. G to Motion to Compel, at 5.) Defendant objected to this interrogatory as burdensome on the ground that it sought information already made known to plaintiff in the Rules Violation Report and a memorandum from defendant to plaintiff dated May 30, 2001. In his motion, plaintiff asserts that he never received the May 30, 2001 memorandum. Good cause appearing, defendant will be directed to provide plaintiff with a copy of said memorandum. In all other respects, defendant's objections and responses to interrogatories 4 through 10 were adequate and no further responses will be required.

For the foregoing reasons, plaintiff's motion to compel further responses to interrogatories 4 through 10 in plaintiff's first set of interrogatories will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 30, 2005 motion to compel is denied; and

2. Within five days from the date of this order defendant shall serve plaintiff with a copy of the May 30, 2001 memorandum referred to in defendant's response to interrogatory number 5 in plaintiff's first set of interrogatories.

DATED: January 30, 2006.

UNITED STATES MAGISTRATE JUDGE

12;mart0466.mtc