IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

      Plaintiff,                      No. CIV S-03-0466 FCD JFM P

   vs.

CHERYL K. PLILER, et al.,

      Defendants.          <u>ORDER</u>

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 30, 2006, defendant Hamad was directed to respond to plaintiff's December 21, 2005 request pursuant to Fed. R. Civ. P. 56(f) to postpone consideration of defendant's December 1, 2005 motion for summary judgment. On February 14, 2006, defendant filed an opposition to the request.

        Plaintiff's Rule 56(f) request is predicated on the denial by prison officials of his request for photocopies of documents from his central file, several of which had been the subject of requests for production of documents served by plaintiff in this action.[1] In the opposition to

---

[1] The court notes that defendant objected to several of plaintiff's requests for production of documents at least in part on the ground that the documents were in plaintiff's central file and thus equally accessible to plaintiff.. (See e.g., Defendant Hamad's Response to Plaintiff's First Request for Production of Documents, Response to Request for Production Nos. 2, 9, 11, 14.) Plaintiff's motion to compel further responses to request number 2 of his first request for production of documents was denied at least in part on the basis of that defense objection. (See

1

plaintiff's Rule 56(f) request, defendant attempts to minimize plaintiff's dilemma by asserting that plaintiff "merely contends that he was permitted to access, but not photocopy the relevant information" and that plaintiff "concedes that he does not possess the funds necessary to pay for these photocopies." (Defendant's Opposition to Plaintiff's Motion to Postpone Consideration of Defendant's Motion for Summary Judgment, filed February 14, 2006, at 4.) This aspect of defendant's response to plaintiff's Rule 56(f) request is inadequate.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's December 21, 2005 request to postpone consideration of defendant's December 1, 2005 motion for summary judgment is granted in part, as follows:

   a. Within fifteen days from the date of this order plaintiff shall file with the court and serve on defendant a list of all documents in his central file that are necessary to plaintiff's opposition to defendant's motion for summary judgment;

   b. Within ten days thereafter, defendant shall either provide plaintiff with a photocopy of each document on the list described in paragraph 1 of this order or show cause in writing why some or all of the requested copies should not be provided to plaintiff;

2. The court will set a deadline for the filing of plaintiff's opposition to defendant's summary judgment motion and defendant's reply brief after the parties have complied with the provisions of paragraph 1 of this order.

DATED: March 16, 2006.

　　　　　　　　　　　　　　　　　／s／ John F. Moulds
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

12;mart0466.56f

---

Order filed January 30, 2006, at 2.)

[2] It also causes defendant's objection to plaintiff's request for production of documents on the ground that documents were accessible to plaintiff in his central file to appear, at best, disingenous

2